UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| GARY GLENN MORRIS,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BOB DOOLEY, CHIEF WARDEN; AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Defendants. | 3:18-CV-03002-RAL<br><br>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Gary Glenn Morris (Morris), an inmate at Mike Durfee State Prison in Springfield, South Dakota, filed his pro se 28 U.S.C. § 2254 habeas corpus petition with this Court on February 15, 2018. Defendants Robert Dooley, Chief Warden of the Mike Durfee State Prison, and Marty Jackley, Attorney General of the State of South Dakota (defendants), now move to dismiss Morris's claim because, they contend, the petition is time barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Doc. 13 at 4. Because Morris's petition is time barred by AEDPA, this Court grants the defendants' motion to dismiss.

I. **Factual and Procedural Background**

On January 22, 2013, Morris entered an Alford Plea to fourth-degree rape and sexual contact with a child under the age of 16 in the Sixth Circuit Court of South Dakota. Doc. 13-4 at 3–4. On March 18, 2013, Morris was sentenced to 15 years in the South Dakota State Penitentiary on each count, with the sentences running concurrently. Doc. 13-5 at 2. Morris did not appeal his

1

conviction to the Supreme Court of South Dakota. Twenty-three months after his sentencing, Morris filed a Petition for Writ of Habeas Corpus, Doc. 13-7, in state court on February 18, 2015. This petition was denied by the trial court. Doc. 13-8 at 17. The Supreme Court of South Dakota summarily affirmed the dismissal on September 21, 2016. Doc. 13-12. Morris then brought this federal habeas petition in February 2018.

Pursuant to AEDPA "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year period begins to run from the latest of:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In Morris's case, the one-year period began to run pursuant to § 2244(d)(1)(A) after the thirty-day period in which he could appeal his judgment of conviction had passed without Morris filing an appeal. Doc. 13-6 at 2. Thus, Morris's conviction became final on April 17, 2013, thirty days after his conviction on March 18, 2013. Morris did not file his state habeas corpus action until well after the one-year AEDPA limitation period. Morris's present federal habeas petition likewise was not brought within the one-year period permitted under § 2244. Consequently, Morris's petition must be dismissed unless he is entitled to equitable tolling of the § 2244(d) limit.

In Holland v. Florida, 560 U.S. 631 (2010), the Supreme Court held that "§ 2244(d) is subject to equitable tolling in appropriate cases." 560 U.S. at 645. Equitable tolling is appropriate

only if the prisoner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Nelson v. Norris, 618 F.3d 886 (8th Cir. 2010) (quoting Holland v. Florida, 560 U.S. at 649). As this Court has previously noted, "[e]quitable tolling is an extraordinary remedy." Mokros v. Dooley, No. 4:15-CV-04091-RAL, 2016 WL 632239 (D.S.D. Feb. 12, 2016) (citing Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013)).

Morris filed a Response Opposing Respondents' Motion to Dismiss, Doc. 14. In that Response, Morris did not contest that his one-year AEDPA statute of limitations had run, but instead largely argued about the merits of his claims. Doc. 14. Morris in his Response made no argument about pursuing his rights diligently, nor sought to explain the absence of a direct appeal of his state court conviction or sentence or the nearly two-year delay between the state court sentencing and his state habeas corpus filing. Doc. 14. The closest Morris came in his Response to arguing "some extraordinary circumstances" under the Holland standard are assertions of his limited understanding and allusions to his possible limited mental competence. In the Eighth Circuit, "[a] conclusive showing of incompetence is required before mental illness can constitute cause [for failure to meet procedural bar and justify equitable tolling]." Nachtigall v. Class, 48 F.3d 1076 (8th Cir. 1995). Here, Morris has not conclusively shown he was incompetent but rather avers procedural shortcomings in the trial court's determination of his competence. Morris thus is not entitled to equitable tolling of § 2244(d). Morris's lack of diligence is apparent from the fact that he did not appeal his conviction to the Supreme Court of South Dakota, nor did he timely file either a state habeas petition or a federal habeas case after the Supreme Court of South Dakota affirmed the dismissal of his state petition. Nor does Morris's petition, Doc. 1, aver that

3

extraordinary conditions prevented him from more promptly pursuing a remedy. Therefore, equitable tolling does not apply here and Morris's petition is time barred by § 2244(d).

For the reasons explained above, it is hereby

ORDERED that the defendants' motion to dismiss, Doc. 12, is granted and Morris's federal habeas petition is dismissed with prejudice.

DATED this 19th day of July, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE